UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- X

MEMORY FILM PRODUCTIONS, *et al.*,

        Plaintiffs,

    -against-                                    **ORDER**

PETER MAKARA, *et al.*,                        05-CV-3735 (BMC) (KAM)

        Defendants.

---------------------------------------------------------------------- X

---------------------------------------------------------------------- X

WANDA SCHINDLEY, PhD
        (a/k/a DALLAS PUBLISHING),

        Plaintiff,

    -against-                                 06-CV-5868 (BMC) (KAM)

BARRY LITUCHY,

        Defendant.

---------------------------------------------------------------------- X

**MATSUMOTO, United States Magistrate Judge:**

        Wanda Schindley ("Schindley"), *pro se* defendant and counterclaim plaintiff in

the 05-cv-3735 action, and *pro se* plaintiff in the 06-cv-5868 action, has moved for

reconsideration of the undersigned's October 16, 2007 order ("the consolidation order")

directing that the 05-cv-3735 and 06-cv-5868 actions be consolidated.  (*See* docket no. 339,

October 16, 2007 order; docket no. 343, Motion to Reconsider Order Granting Plaintiffs' Motion

to Consolidate a Copyright Suit with a Libel Suit ("Motion to Reconsider").)  Schindley has also

filed objections to the undersigned's October 16, 2007 order with the Honorable Brian M. Cogan, U.S. District Judge, which appear to be identical in substance to her motion for reconsideration. (See docket no. 344, Objection to Order Granting Plaintiffs' Motion to Consolidate a Copyright Suit with a Libel Suit, filed by pro se Wanda Schindley.) Having considered the response by plaintiffs and the represented counterclaim defendants in the 05-cv-3735 action and Schindley's reply (*see* docket nos. 345 and 349 in the 05-cv-3735 action), and for the reasons stated below, the court denies Schindley's motion for reconsideration of its October 16, 2007 order.

## DISCUSSION

A motion for reconsideration "shall be served within ten (10) days after the entry of the court's order determining the original motion[,]" Local Civil Rule 6.3, and is "proper when the court has overlooked matters or controlling decisions that, if considered, would mandate a different result." *Care Envtl. Corp. v. M2 Technologies Inc.*, No. 05-CV-1600, 2006 WL 1896326, at *2 (E.D.N.Y. July 10, 2006) (citations omitted); *see* Local Civil Rule 6.3.

Schindley's motion for reconsideration of the court's October 16, 2007 order was received in the pro se office on October 19, 2007 and is thus timely. In her motion, Schindley asserts that consolidation of the two cases will result in confusion and prejudice to her; she also states that she wishes to preserve her objections to the October 16, 2007 order for appeal. Having considered Schindley's arguments, the court finds that Schindley has not raised any matters or controlling decisions mandating reconsideration of its consolidation order. The court addresses each of Schindley's arguments in turn:

1.     Schindley states that consolidation of the cases for trial would be confusing and that she does not know how such a consolidation would work.  (*See* Motion to Reconsider, ¶ 1.)  Schindley asks, "If they are separate actions, why would trying the cases consecutively not accomplish the same thing regarding travel of witnesses, etc?"  The court notes that consolidation of the cases, as addressed in the court's consolidation order (*see* 10/16/07 order at 8), will allow parties and witnesses to prepare for and appear at a single trial, rather than two separate trials.  At trial, each witness may be questioned regarding any claim, counterclaim or defense in these actions, which will promote judicial efficiency and minimize costs, without causing confusion of the issues or prejudice to the parties.  Schindley and opposing counsel may discuss the logistics of the consolidated trial with Judge Cogan.

2.     Schindley states that she would be prejudiced by consolidation because, once the cases are consolidated, she will have only ten pages to respond to any combined motion for summary judgement filed by plaintiffs and the represented counterclaim defendants in the 05-cv-3735 action and defendant Lituchy in the 06-cv-5868 action, rather than ten pages to respond to each separate motion for summary judgment if the cases are not consolidated.  Without deciding how Judge Cogan may schedule or structure the briefing on the parties' summary judgment motions, the court notes that Schindley may seek prior permission to file any opposition in

excess of twenty-five pages and any reply in excess of ten pages, in accordance with Judge Cogan's individual practices.

3. Schindley seeks to correct an error in the consolidation order regarding the date that the 06-cv-5868 action was filed. The court notes that Schindley is correct that the 06-cv-5868 complaint was filed on October 25, 2006, not October 30, 2006, as stated in the October 16, 2007 order, and amends the order to note this error.

4. Schindley also objects to the court's finding in the consolidation order that "[W]hether JRI was a valid legal entity at the time that Lituchy made the allegedly libelous statements regarding Schindley, and whether these statements were made to JRI members, may be relevant to Lituchy's common interest privilege defense in the 06-cv-5868 action" (10/16/07 order at 8), because she asserts that Lituchy has not asserted "qualified privilege" as an affirmative defense. Without ruling on whether Lituchy has properly asserted or waived his right to assert a common interest privilege defense, the court notes that, as discussed in the October 16, 2007 order, there are other common questions of law and fact that support consolidation of the two cases. (*See* 10/16/07 order at 6-8.)

5. Schindley notes that the order omits mention of JRI's copyright infringement claim, "a claim which Plaintiffs, parties, and counsel readily and repeatedly have asserted . . . ." (*See* Motion to Reconsider, ¶ 5). Again, without ruling on whether JRI has asserted a copyright

4

infringement claim in the 05-cv-3735 action, the court notes that no copyright infringement claim is asserted by JRI in the amended complaint. (*See* docket no. 20, Amended Complaint, Second Claim for Relief, ¶¶ 55-68.)

## **CONCLUSION**

Having considered Schindley's arguments in her motion for reconsideration, and finding that Schindley has not raised any matters or controlling decisions overlooked by the court that mandate a different result, the court denies Schindley's motion for reconsideration.

Counsel for plaintiffs and the represented counterclaim defendants in the 05-cv-3735 action is directed to serve a copy of this order upon the unrepresented counterclaim defendants and to file proof of service by ECF by November 7, 2007. A copy of this order will be transmitted to Schindley by fascimile.

**SO ORDERED**.

Dated: November 5, 2007
          Brooklyn, New York

_____/s/_____
KIYO A. MATSUMOTO
United States Magistrate Judge
Eastern District of New York